Kenneth M. Jones, Esq. (SBN 140358)
Jane N. Kespradit, Esq. (SBN 270124)
Bethany J. Peak, Esq. (SBN 298337)
**LIMNEXUS LLP**
707 Wilshire Boulevard, 46th Floor
Los Angeles, CA 90017
Tel: (213) 955-9500 | Fax: (213) 955-9511
Kenneth.Jones@LimNexus.com
Jane.Kespradit@LimNexus.com
Bethany.Peak@LimNexus.com

Attorneys for Defendant WALMART INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JAMES MARVIN,<br><br>      Plaintiff,<br><br>    vs.<br><br>WALMART INC.; and DOES 1 through 50, Inclusive,<br><br>      Defendants. | Case No. 2:20-cv-10015<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT BY DEFENDANT WALMART INC.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>[28 U.S.C. §§ 1441 and 1446] |

/ / /

/ / /

/ / /

{01326532}                                      - 1 -

**Table of Contents**

Table of Authorities ................................................................................................3-4

Notice .......................................................................................................................5

Statement of Jurisdiction .........................................................................................5

Venue ........................................................................................................................5

Pleadings, Process and Orders ................................................................................5

Timeliness of Removal ............................................................................................6

Diversity Jurisdiction ..............................................................................................6

  A.  Complete Diversity of Citizenship Exists.........................................................7

  B.  The Amount in Controversy Exceeds $75,000 ................................................8

Notice of Removal to Court and Adverse Party ....................................................11

Conclusion .............................................................................................................11

Demand for Jury Trial............................................................................................12

## Table of Authorities

**Federal Cases**

*Davenport v. Mut. Benefit Health & Accident Ass'n*
    325 F.2d 785, 787 (9th Cir. 1963) ...................................................................10

*Galt G/S v. JSS Scandinavia*
    142 F.3d 1150, 1155-56 (9th Cir. 998) ...........................................................10

*Gibson v. Chrysler Corp.*
    261 F.3d 927, 945 (9th Cir. 2001) .....................................................................9

*Hertz Corp. v. Friend*
    559 U.S. 77, 92-93 (2010) ...................................................................................8

*Kantor v. Wellesley Galleries, Ltd.*
    704 F.2d 1088, 1090 (9th Cir. 1983) .................................................................7

*Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*
    199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) ...................................................9

*Kroske v. U.S. Bank Corp.*
    432 F.3d 976, 980 (9th Cir. 2005) .....................................................................9

*LeBlanc v. Cleveland*
    248 F.3d 95, 100 (2d Cir. 2001) .........................................................................7

*Lew v. Moss*
    797 F.2d 747, 751 (9th Cir. 1986) .....................................................................7

*Newcombe v. Adolf Coors Co.*
    157 F.3d 686, 690 (9th Cir. 1998) .....................................................................8

*Simmons v. PCR Tech.*
    209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002) ...............................................9

*Singer v. State Farm Mutual Auto Ins. Co.*
    116 F.3d 373, 377 (9th Cir. 1997) .....................................................................8

*State Farm Mut. Auto. Ins. Co. v. Dyer*
    19 F.3d 514, 519 (10th Cir. 1994) .....................................................................7

**Statutes**

28 U.S.C. § 84(c) ...................................................................................................5
28 U.S.C. § 1332(a) .......................................................................................5, 6, 7, 8
28 U.S.C. § 1332(a)(1) .........................................................................................11
28 U.S.C. § 1332(c)(1) ...........................................................................................7
28 U.S.C. § 1441(a) ..........................................................................................5, 11
28 U.S.C. § 1441(b) ...............................................................................................5
28 U.S.C. § 1441(b)(1) ...........................................................................................8
28 U.S.C. § 1446 ....................................................................................................5
28 U.S.C. § 1446(a) ............................................................................................5,6
28 U.S.C. § 1446(b) ...............................................................................................6

28 U.S.C. § 1446(d) ........................................................................................... 11
Cal. Civ. Code § 2394(a) ................................................................................... 10
Cal. Gov. Code § 12965(b) ................................................................................ 10

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant WALMART INC. ("Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of Ventura, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. §§ 1332(a), 1441(a) and (b), and 1446.

<u>**STATEMENT OF JURISDICTION**</u>

1. This Court has original jurisdiction over this action under the diversity of citizenship statute. 28 U.S.C. § 1332(a). In relevant part, the statute grants courts original jurisdiction over civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, it is a civil action between citizens of different states, and no defendant is a citizen of the State of California. As set forth below, this case meets all of the diversity statute's requirements for removal and is timely and properly removed by the filing of this Notice of Removal ("Notice").

<u>**VENUE**</u>

2. The action was filed in the Superior Court of the State of California, County of Ventura ("Ventura County Superior Court"). Venue properly lies in the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(c), and 1441(a) and 1446(a).

<u>**PLEADINGS, PROCESS AND ORDERS**</u>

3. On September 23, 2020, Plaintiff JAMES MARVIN ("Plaintiff") commenced this action by filing a Complaint in the Ventura County Superior Court, entitled *James Marvin vs. Walmart, Inc.; and DOES 1-50, inclusive*, and designated Ventura County Superior Court Case No. 56-2020-00545560-CU-WT-VTA ("Complaint"). *See* Declaration of Jane N. Kespradit ("Kespradit Decl.") ¶ 2, Exhibit ("Ex.") 1. The Complaint asserts the following causes of action: (1) Harassment and Discrimination Based Upon National Origin, Ancestry and Race [Government Code

§ 12940, et seq.]; (2) Harassment and Discrimination Based Upon Age [Government Code § 12940, et seq.]; (3) Failure to Take All Steps to Prevent Harassment and Discrimination [Government Code § 12940, et seq.]; (4) Wrongful Termination in Violation of Public Policy; and (5) Retaliation [Government Code § 12940, et seq.]. *See id.*

4. On October 2, 2020, Plaintiff served on Defendant, through Defendant's agent for service of process: (1) the Summons and Complaint; (2) a Civil Case Cover Sheet; (3) a Notice of Case Assignment and Mandatory Appearance; and (4) various case stipulations and notices. True and correct copies of the aforementioned documents are attached collectively as Exhibit 1 to the Kespradit Declaration, ¶ 2.

5. On October 30, 2020, Defendant filed its Answer to the Complaint with the Ventura County Superior Court and served a copy of the Answer on Plaintiff. *See* Declaration of Jane N. Kespradit ("Kespradit Decl.") ¶ 3, Ex. 2.

6. As of the date of this Notice, no other parties have been named or served with the Summons and Complaint in this action. *See* Kespradit Decl., ¶ 4.

7. The documents attached as Exhibits 1 and 2 to the Kespradit Declaration constitute all of the pleadings and process that have been filed or received by Defendant in this action. Their attachment satisfies the requirements of 28 U.S.C. section 1446(a). To Defendant's knowledge, no further process, pleadings, or orders related to this case have been field with the Ventura County Superior Court or served by any party other than as described above. *See* Kespradit Decl., ¶ 5.

### TIMELINESS OF REMOVAL

8. This Notice is timely filed as it is filed within thirty (30) days of October 2, 2020, the date of service of the Summons and Complaint, and within one year from the commencement of this action. *See* 28 U.S.C. § 1446(b).

### DIVERSITY JURISDICTION

9. Section 1332(a) of the United States Code provides in relevant part that "district courts shall have original jurisdiction of all civil actions where the matter in

controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between…citizens of different States….”  28 U.S.C. § 1332(a).

10.    This Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), and Defendant may remove this action to this Court pursuant to 28 U.S.C. § 1441(b), because this is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs, as set forth below.

### A.    Complete Diversity of Citizenship Exists

11.    For diversity purposes, an individual is a “citizen” of the state in which he is domiciled. *Kantor v. Wellesley Galleries, Ltd.,* 704 F.2d 1088, 1090 (9th Cir. 1983).  Citizenship is determined at the time the lawsuit was filed.  *LeBlanc v. Cleveland,* 248 F.3d 95, 100 (2d Cir. 2001).  Plaintiff's residence is *prima facie* evidence of domicile.  *See Lew v. Moss,* 797 F.2d 747, 751 (9th Cir. 1986) (residency can create a rebuttable presumption of domicile supporting diversity of citizenship); *see also State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 519-520 (10th Cir. 1994) (a party's residence is prima facie evidence of domicile for purposes of determining citizenship).  Here, Plaintiff alleges in his Complaint that “[a]t all times herein mentioned, Plaintiff was an individual who resided in the City of Newberry Park, County of Ventura, State of California….”  *See* Kespradit Decl., ¶ 2, Ex. 1, Complaint at ¶ 34.  Thus, Plaintiff is a citizen of California for diversity jurisdiction purposes.

12.    For diversity purposes, a corporation “shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business.”  28 U.S.C. § 1332(c)(1).  To determine a corporation's principal place of business, courts apply the “nerve center” test, which deems the principal place of business to be the state in which the corporation's officers direct, control, and coordinate the corporation's activities.

*Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).  A corporation's principal place of business normally is the state in which it maintains its main headquarters.  *Id*.

13.    Defendant is now, and was at the time this action commenced in state court, a citizen of a state other than California.  First, Defendant is a Delaware corporation, and so it is a citizen of Delaware.  *See* Kespradit Decl. ¶¶ 6-7.  Second, Defendant's headquarters and corporate offices are located in Bentonville, Arkansas, which is where its officers and directors perform the company's executive and administrative functions.  *See id*.  Because Defendant's principal place of business is Arkansas, it also is a citizen of Arkansas for diversity purposes.  Thus, Defendant is a citizen of the States of Delaware and Arkansas for purposes of diversity jurisdiction.

14.    No other party has been named or served as the date of this removal.  *See* Kespradit Decl. ¶ 5.  The presence of Doe defendants in this case has no bearing on diversity for removal purposes.  28 U.S.C. § 1441(b)(1) ("For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded"); *Newcombe v. Adolf Coors Co*., 157 F.3d 686, 690 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered).

15.    Thus, as set forth above, Plaintiff is a citizen of California, and Defendant is a citizen of Delaware and Arkansas.  Accordingly, complete diversity exists among and between the parties.

**B.    The Amount in Controversy Exceeds $75,000**

16.    This Court has jurisdiction over this case because the amount placed in controversy by Plaintiff's alleged claims exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a).

17.    Here, it is facially apparent from the Complaint that the amount in controversy exceeds the $75,000 threshold for diversity jurisdiction.  *Singer v. State Farm Mutual Auto Ins. Co.,* 116 F.3d 373, 377 (9th Cir. 1997) ("The district court may consider whether it is 'facially apparent' from the complaint that the

{01326532}                                    - 8 -

jurisdictional amount is in controversy.").  In measuring the amount in controversy, the Court "must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (internal quotations and citations omitted).  Although Defendant denies the validity and merit of Plaintiff's claims and the underlying allegations, Plaintiff's allegations clearly establish an amount in controversy in excess of the $75,000 jurisdictional minimum, exclusive of interest and costs, as set forth below.

18.   Plaintiff prays for judgment against Defendant for "compensatory damages including losses arising from mental and emotional distress and other special and general damages in an amount in excess of $100,000.00".  Kespradit Decl., ¶ 2, Ex. 1, Complaint at Prayer for Relief at ¶ 1.  Plaintiff's potential recovery of such damages demonstrates that the jurisdictional threshold for removal is met. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (emotional distress damages are included in determining amount in controversy).  Emotional distress damages "may be considered when calculating the amount in controversy even where not clearly pled in the complaint."  *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1034 (N.D. Cal. 2002).  Here, Plaintiff clearly pleads damages exceeding the jurisdictional minimum of $75,000.  On this basis alone, the case exceeds the jurisdictional minimum for diversity purposes.

19.   In addition to compensatory damages, Plaintiff also seeks "lost earnings and related expenses in an amount in excess of $50,000.00".  Kespradit Decl., ¶ 2, Ex. 1, Complaint at Prayer for Relief at ¶ 2.  Here, Plaintiff's alleged lost wages of $50,000 or more, combined with his alleged compensatory damages of $100,000 or more, total $150,000.  This well exceeds the $75,000 minimum required for diversity jurisdiction. *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) (lost wages of $55,000 in an age-discrimination case met the jurisdictional minimum when considered in light of the potential emotional distress recovery).

20.     Plaintiff also seeks an award of "attorneys' fees and costs, in an amount in excess of $100,000.00" under the California Fair Employment and Housing Act (California Government Code § 12940, et seq.) ("FEHA").  Kespradit Decl., ¶ 2, Ex. 1, Complaint at ¶¶ 27, 35-41, 43-46, 49-52, 60, 63-66, Prayer for Relief at ¶ 3. When authorized by statute, attorneys' fees are to be included in the calculation of the amount of Plaintiff's claims for purposes of determining whether the requisite jurisdictional minimum is met.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be include in the amount in controversy").  Here, the bulk of Plaintiff's Complaint alleges violations of the FEHA, which authorizes an award of reasonable attorneys' fees to a prevailing plaintiff.  Cal. Gov. Code § 12965(b).  Although Defendant denies Plaintiff's allegations and denies that Plaintiff should recover for any attorneys' fees and costs, if Plaintiff were to prevail on his FEHA-based claims, he could recover attorneys' fees and costs that alone exceeds the jurisdictional minimum.

21.     Plaintiff also seeks "an award of punitive damages in an amount in excess of $100,000.00".  Kespradit Decl., ¶ 2, Ex. 1, Complaint at Prayer for Relief at ¶ 4.  Under California law, punitive damages may be recovered "where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice."  Cal. Civ. Code § 2394(a).  This Court should into account punitive damages for purposes of calculating the amount in controversy where such damages are recoverable under state law.  *See Davenport v. Mut. Benefit Health & Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (in a diversity case, punitive damages may be included in computing the amount necessary for federal jurisdiction if punitive damages are permitted under state law).  Although Defendant denies Plaintiff's allegations and denies that Plaintiff should recover any punitive damages whatsoever, if Plaintiff were to prevail on his punitive damages claim, that claim alone exceeds the jurisdictional minimum for diversity purposes.

{01326532}
- 10 -

22. In sum, although Defendant does not concede Plaintiff's claims have any merit, the total relief Plaintiff seeks on the face of the Complaint exceeds the $75,000 jurisdictional requirement, exclusive of interest and costs. The Court therefore has original jurisdiction over Plaintiff's claims in this action based on diversity jurisdiction under 28 U.S.C. sections 1332(a)(1) and 1441(a).

### NOTICE OF REMOVAL TO COURT AND ADVERSE PARTY

23. Pursuant to 28 U.S.C. section 1446(d), Defendant is providing written notice of this removal to Plaintiff, Plaintiff's counsel, and a copy of this notice to the Clerk of the Ventura County Superior Court.

24. A copy of the Notice of Removal will also be filed with the Clerk of the Ventura County Superior Court.

### CONCLUSION

WHEREFORE, having fulfilled all statutory requirements, Defendant removes this action from the Ventura County Superior Court to the United States District Court for the Central District of California, and requests that this Court assume full jurisdiction over this matter as provided by law.

Dated:  October 30, 2020

LIMNEXUS LLP

By: _____

Kenneth M. Jones
Jane N. Kespradit
Bethany J. Peak
Attorneys for Defendant
WALMART INC.

## **DEMAND FOR JURY TRIAL**

Defendant hereby demands a trial by jury on all claims and issues triable to a jury.

Dated:  October 30, 2020

**LimNexus llp**

By: _____
Kenneth M. Jones
Jane N. Kespradit
Bethany J. Peak
Attorneys for Defendant WALMART INC.

{01326532}

- 12 -