1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JAMES MARVIN,

           Plaintiff,

     v.

WALMART INC.,

           Defendant.

Case No. 2:20-cv-10015-RSWL-MRWx

STIPULATED PROTECTIVE ORDER

(MRW VERSION 4/19)

☐ Check if submitted without material modifications to MRW form

1.    <u>INTRODUCTION</u>

    1.1    <u>PURPOSES AND LIMITATIONS</u>

        Discovery in this action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment

{01350365}

1    under the applicable legal principles.  The parties further acknowledge, as set forth

2    in Section 13.3, below, that this Stipulated Protective Order does not entitle them to

3    file confidential information under seal; Civil Local Rule 79-5 sets forth the

4    procedures that must be followed and the standards that will be applied when a party

5    seeks permission from the court to file material under seal.

6        1.2    GOOD CAUSE STATEMENT

7        In light of the nature of the claims and allegations in this case, this Action will

8    likely involve the production of privileged, confidential, or nonpublic information

9    for which special protection from public disclosure is warranted.  Such confidential

10   and proprietary information may consist of, among other things: personnel

11   information of non-parties; medical or health information and records; workers'

12   compensation records; confidential or proprietary human resources materials; non-

13   public business materials or financial information; confidential procedures or

14   training materials; and information otherwise generally unavailable to the public or

15   which may be privileged or otherwise protected from disclosure under state or

16   federal statutes, court rules, case decisions, or common law.  Accordingly, to

17   facilitate the prompt resolution of disputes over confidentiality of discovery

18   materials, to adequately protect information the parties are entitled to keep

19   confidential, to ensure that the parties are permitted reasonable necessary uses of

20   such material in preparation for and in the conduct of trial, to address their handling

21   at the end of the litigation, and to serve the ends of justice, a protective order for

22   such information is justified in this matter.  It is the intent of the parties that

23   information will not be designated as confidential without a good faith belief that

24   such information has been maintained in a confidential, non-public manner, and

25   there is good cause why it should not be part of the public record of this case.

26

27

28

2.    <u>DEFINITIONS</u>

2.1    <u>Action</u>: this pending federal law suit, entitled *James Marvin v. Walmart Inc.*, Case No. 2:20-cv-10015-RSWL-MRWx.

2.2    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.3    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under <u>Federal Rule of Civil Procedure 26(c)</u>, and as specified above in the Good Cause Statement.

2.4    <u>Counsel</u>:  Outside Counsel of Record and House Counsel (as well as their support staff).

2.5    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

2.6    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.8    <u>House Counsel</u>:  attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.9    <u>Non-Party</u>:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.10    <u>Outside Counsel of Record</u>:  attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and

have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party, and includes support staff.

2.11   Party:  any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.12   Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13   Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14   Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.15   Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.   SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial will be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order will remain in effect until either the Designating Party agrees

in writing to a different duration for the Disclosure or Discovery Material it designated as "CONFIDENTIAL" or a court order otherwise directs.  To avoid ambiguity as to whether an agreement has been made with the Designating Party, the written agreement must recite that the agreement is being made in accordance with this specific paragraph of the Protective Order.  Final disposition will be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.      DESIGNATING PROTECTED MATERIAL

    5.1      <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

    Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions.

    If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designation.

5.2     <u>Manner and Timing of Designations</u>.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix at a minimum, the legend "CONFIDENTIAL" (hereinafter "CONFIDENTIAL legend"), to each page that contains protected material or, if in electronic format, the electronic file's title.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).  A Producing Party shall submit confidential discovery responses, such as answers to interrogatories, in a separate document stamped with the appropriate legend designating those responses as Protected Material.  The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Protected Material from which those copies were made.

A Party or Non-Party that makes original documents available for inspection need not designate them for protection until after the inspecting Party has indicated which documents it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection will be deemed "CONFIDENTIAL."  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must

affix the "CONFIDENTIAL legend" to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in depositions that the Designating Party identify the Disclosure or Discovery Material on the record, before the close of the deposition all protected testimony.  Alternatively, a Party may designate information disclosed at the deposition as "CONFIDENTIAL" by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as "CONFIDENTIAL."  The parties may agree to a reasonable extension of the 15-business-day period for designation.  Designations of transcripts will apply to audio, video, or other recordings of the testimony.  During such 15-business-day period, the entire transcript shall receive Protected Material treatment.  Upon such designation, the court reporter and each Party shall affix the "CONFIDENTIAL legend" to the designated pages and segregate them as appropriate.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information  is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information warrants protection, the Producing Party, to the extent practicable, will identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

The Producing Party may change the confidentiality designation of materials it has produced as follows: (1) The Producing Party must give the Receiving Party notice of the change by identifying the information and items at issue.  Once notice is given, the Receiving Party must make good-faith efforts to ensure that the information and items are accorded treatment under the new designation; (2) Within a reasonable period after giving notice, the Producing Party must make reproduce the information and items in a format that contains the new designation; and (3) If such information and items have been disclosed to persons not qualified pursuant to section 8 below, the Party who disclosed such information and items shall (a) take reasonable efforts to retrieve previously disclosed Protected Material; (b) advise such persons that the material is Protected Material; and (c) give the Producing Party written assurance that steps (a) and (b) have been completed.

6.     <u>WITHHOLDING OF INFORMATION</u>

    6.1    <u>Non-relevant Attachments</u>.  The parties will not produce non-relevant attachments that are attached to relevant emails.  When an attachment is withheld, either for privilege or non-responsiveness, the Producing Party shall produce a one-page TIFF image (or PDF if production format dictates) in place of the withheld attachment, correspondingly stating "Attachment Withheld-Privileged" or "Attachment Withheld-Nonresponsive", and bearing a sequential BATES number within the family BATES range.  If any attachment to an email contains responsive content, then the cover email shall be produced for context, regardless of the cover email's responsiveness.  The cover email may be redacted in part to remove sensitive information, as described below.

    6.2    <u>Redactions</u>.  The parties may redact (1) information that is privileged or protected from discovery as work product or by reason of any other applicable privilege or immunity; (2) information subject to non-disclosure obligations imposed by governmental authorities, law or regulation (e.g., protected personal

information); and (3) sensitive, non-relevant information, including but not limited to personally identifiable information, trade secrets, or information regarding products, data, or people.  Privilege redactions will state, over the redacted portion, "Redacted–Privileged," and all other redactions will state, "Redacted–Nonresponsive."  Redactions of emails will not redact the names of recipients or the subject line of the emails, unless the subject line is itself privileged or contains the sensitive information described above, in which case only so much of the subject line will be redacted as may be needed.  The parties will produce redacted documents in TIFF format (or searchable PDF if production format dictates; or in native format for file types that do not convert well to TIFF/PDF, such as Excel files) with corresponding searchable OCR text and the associated metadata for the document, ensuring the redacted content is fully protected from disclosure.

7.   CHALLENGING CONFIDENTIALITY DESIGNATIONS

     7.1   Timing of Challenges.  Any Party or Non-Party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order.

     7.2   Meet and Confer.  The Challenging Party will initiate the dispute resolution process (and, if necessary, file a discovery motion) under Local Rule 37.1 et seq. by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of

the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

7.3    The burden of persuasion in any such challenge proceeding will be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties will continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

8.    ACCESS TO AND USE OF PROTECTED MATERIAL

8.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending, or attempting to settle this Action.  Such Protected Material, including their contents or any portion or summary thereof, may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of section 14 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.  This duty to provide adequate security includes secure data storage systems, established security policies, and security training for employees, contractors and experts.  Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises.  At a minimum, any Receiving Party subject to the terms of this Order, will provide

1    reasonable measures to protect non-client data consistent with the American Bar

2    Association Standing Committee on Ethics and Professional Responsibility, Formal

3    Opinion 477R.

4          It shall be the obligation of each Party and its counsel, upon learning of any

5    breach or any suspected or threatened breach of the provisions of this Order,

6    including but not limited to a data breach or Ransomware, to promptly notify

7    counsel for the Producing Party in writing within twenty-four (24) hours of the

8    Receiving Party's awareness of the actual, suspected, or threatened breach.  The

9    written notification shall be supplemented with reasonable details of the

10   circumstances of the breach in order to permit the Producing Party to understand

11   and take appropriate steps.  Each Party and its counsel agree to take reasonable and

12   good-faith efforts to contain or limit any breach promptly upon receiving notice of

13   it, and to make reasonable and good-faith attempts to retrieve any unauthorized

14   disclosure of documents or information.  This provision does not limit the Producing

15   Party's entitlement to damages resulting from any breach of this Order.

16         8.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless

17   otherwise ordered by the court or permitted in writing by the Designating Party, a

18   Receiving Party may disclose any information or item designated

19   "CONFIDENTIAL" only to:

20         (a)  the Receiving Party's Outside Counsel of Record in this Action, as

21   well as employees of said Outside Counsel of Record to whom it is reasonably

22   necessary to disclose the information for this Action;

23         (b)  the officers, directors, and employees (including House Counsel) of

24   the Receiving Party to whom disclosure is reasonably necessary for this Action;

25         (c)  Experts (as defined in this Order) of the Receiving Party to whom

26   disclosure is reasonably necessary for this Action and who have signed the

27   "Acknowledgment and Agreement to Be Bound" (Exhibit A);

28         (d)  the Court and its personnel;

1        (e)  court reporters and their staff;

2        (f)  professional jury or trial consultants, and Professional Vendors to

3 whom disclosure is reasonably necessary for this Action and who have signed the

4 "Acknowledgment and Agreement to Be Bound" (Exhibit A);

5        (g)  the author or recipient of a document containing the information or a

6 custodian or other person who otherwise possessed or knew the information;

7        (h)  during their depositions, witnesses, and attorneys for witnesses, in the

8 Action to whom disclosure is reasonably necessary provided: (1) the deposing party

9 requests that the witness sign the form attached as Exhibit A hereto; and (2) they

10 will not be permitted to keep any confidential information unless they sign the

11 "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise

12 agreed by the Designating Party or ordered by the court.  Pages of transcribed

13 deposition testimony or exhibits to depositions that reveal Protected Material may

14 be separately bound by the court reporter and may not be disclosed to anyone except

15 as permitted under this Stipulated Protective Order; and

16        (i)  any mediator or settlement officer, and their supporting personnel,

17 mutually agreed upon by any of the parties engaged in settlement discussions.

18        Notwithstanding the foregoing, Protected Material shall not be disclosed to

19 any current or former employees of, or current or former consultants, advisors, or

20 agents of, a direct competitor of any Party named in the Action.  If a Receiving

21 Party is in doubt about whether a particular entity is a direct competitor of a Party

22 named in this lawsuit, then before disclosing any Protected Material to a current or

23 former employee, consultant, advisor, or agent of that entity, the Receiving Party's

24 counsel must confer with counsel for the Producing Party.

25

26

27

28

9.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED
IN OTHER LITIGATION

      If a Party is served with a subpoena or a court order issued in other litigation
that compels disclosure of any information or items designated in this Action as
"CONFIDENTIAL," that Party must:

      (a)  promptly notify the Designating Party in writing by electronic
transmission within five (5) business days of the Party's receipt of such subpoena or
order. Such notification will include a copy of the subpoena or court order;

      (b)  promptly notify in writing the party who caused the subpoena or order
to issue in the other litigation that some or all of the material covered by the
subpoena or order is subject to this Protective Order.  Such notification will include
a copy of this Stipulated Protective Order; and

      (c)  cooperate with respect to all reasonable procedures sought to be
pursued by the Designating Party whose Protected Material may be affected.

      If the Designating Party timely seeks a protective order, the Party served with
the subpoena or court order will not produce any information designated in this
action as "CONFIDENTIAL" before a determination by the court from which the
subpoena or order issued, unless the Party has obtained the Designating Party's
permission.  The Designating Party will bear the burden and expense of seeking
protection in that court of its confidential material and nothing in these provisions
should be construed as authorizing or encouraging a Receiving Party in this Action
to disobey a lawful directive from another court.


10.   A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
PRODUCED IN THIS LITIGATION

      (a)  The terms of this Order are applicable to information produced by a
Non-Party in this Action and designated as "CONFIDENTIAL."  Such information
produced by Non-Parties in connection with this litigation is protected by the

remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)  In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party will:

(1)  promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  make the information requested available for inspection by the Non-Party, if requested.

(c)  If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party will not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party will bear the burden and expense of seeking protection in this court of its Protected Material.

11.   <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts

to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.  This provision does not limit the Producing Party's entitlement to damages resulting from any breach of this Order.

12.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

12.1    Clawback Provisions.  The parties hereby agree that the production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding, including all related pre-trial, trial, and post-trial proceedings.  Furthermore, the parties agree to the following:

(a)  If the Receiving Party has reason to believe that a produced document or other information may reasonably be subject to a claim of privilege, then the Receiving Party shall immediately sequester the document or information, cease

using the document or information and cease using any work product containing the information, and shall inform the Producing Party of the beginning BATES number of the document or, if no BATES number is available, shall otherwise inform the Producing Party of the information.

(b)  A Producing Party must give written notice to any Receiving Party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request").  After a clawback request is received, the Receiving Party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or any work product containing information taken from that document, for any purpose.  The parties shall meet and confer regarding any clawback request.

The Clawback Provisions of this Order apply to all pre-trial, trial, and post-trial proceedings in this Action.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d) or state court equivalent and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S.C. § 1738.  In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13.   MISCELLANEOUS

13.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

13.2   Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to

disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

13.3    Filing Protected Material.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue.  If a Party's request to file Protected Material under seal is denied by the court, then the Receiving Party may file the information in the public record  unless otherwise instructed by the court.

13.4    Protected Material in Hearings and Trial.  The provisions of this Order shall not affect, and this Order does not limit, the *admissibility* of Protected Material (or references to that material) as evidence at trial, or during a hearing or similar proceeding in this action.  Prior to using Protected Material or the information contained therein at any hearing that is open to the public, the Party seeking to use the Protected Material must give at least seven (7) days advance notice to the Producing Party of the intent to use the Protected Material so that the producing party may seek an appropriate Court Order to protect the Protected Material.

13.5    Application to Production by Non-Party.  This Order may be used by a Non-Party producing documents in connection with this Action.  A Non-Party may designate documents as Protected Material.  If a Non-Party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Protected Material, then any Party to this action may seek to designate that Non-Party's documents or categories of documents as Confidential Material.  In that case, it will be the burden of the Party seeking protected status to move for a court order designating the materials as Protected Material after the parties confer.

13.6    Newly Joined Parties.  In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Protected Material until its/their counsel has executed and, at the request of any party, filed

with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

14.   FINAL DISPOSITION

After the final disposition of this Action, as defined in paragraph 4, within 60 days without further request or direction by the Designating Party, each Receiving Party must return all Protected Material to the Producing Party or destroy such material in the possession or control of that Receiving Party, including any expert or employee.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

15.     Any willful violation of this Order may be punished by civil or criminal

contempt proceedings, financial or evidentiary sanctions, reference to disciplinary

authorities, or other appropriate action at the discretion of the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED:  _____          _____
                                            */s/ Marina Fraigun*
                                            Attorneys for Plaintiff James Marvin

        Jane N. Kespradit, whose ECF log-in is being used to file this Stipulated
Protective Order, hereby certifies that Marina Fraigun has approved the filing of this
Stipulated Protective Order with her electronic signature.

DATED:  _____          _____
                                            */s/ Jane N. Kespradit*
                                            Attorneys for Defendant Walmart Inc.

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED:  March 29, 2021          _____
                                            HON. MICHAEL R. WILNER
                                            United States Magistrate Judge

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [**full name**], of _____ [**full address**], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on _____ [**date**] in the case of *James Marvin v. Walmart Inc.*, Case No. 2:20-cv-10015-RSWL-MRWx.  I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.  I hereby appoint _____ [**full name**] of _____ [**full address and telephone number**] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where signed: _____

Printed name: _____

Signature: _____